## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | ) | |
| | ) | Civil Action No. 06-782 (***) |
| RADNOR HOLDINGS | ) | |
| CORPORATION, *et al.*, | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | Case No. 06-10894 (PJW) |
| _____ | ) | Jointly Administered |
| The Official Committee Of Unsecured | ) | |
| Creditors, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Tennenbaum Capital Partners, LLC, | ) | |
| *et al.*, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

**OPPOSITION OF APPELLEES TR ACQUISITION CO. INC., TENNENBAUM CAPITAL PARTNERS, LLC, SPECIAL VALUE EXPANSION FUND, LLC, SPECIAL VALUE OPPORTUNITIES FUND, LLC AND JOSE E. FELICIANO TO MOTION OF APPELLANTS OFFICIAL COMMITTEE OF UNSECURED <u>CREDITORS FOR ORDER EXPEDITING APPEAL OF CERTAIN ISSUES</u>**

Appellees TR Acquisition Co., Inc. ("TRAC"), Tennenbaum Capital

Partners, LLC, Special Value Expansion Fund, LLC, Special Value Opportunities Fund,

LLC, and Jose E. Feliciano (collectively, "Tennenbaum") hereby respectfully submit this

opposition to the motion ("Motion") of appellants the Official Committee of Unsecured

Creditors ("Committee") for an order expediting the appeal of certain professional fee

issues, and in support thereof state as follows:

### <u>Introduction</u>

The Motion asks the Court to expedite six of the ten issues that the

Committee itself identified as the appeal issues, and to stay the others.  Those six issues

do not stand to benefit the Committee or the unsecured creditors that they represent at all; they relate solely to whether the lawyers and other professionals for the Committee will be paid (the "Fee Issues").  The Motion is seriously misguided and should be denied for three independent reasons.

First, the Committee's assertion that, absent a ruling first (and a reversal) on the Fee Issues, it will not be able to retain counsel to prosecute the remaining appeal issues, is meritless.  Greenberg Traurig already represents the Committee, has not sought to withdraw and cannot withdraw without court approval.   In any event, Greenberg Traurig essentially litigated the trial on a contingency fee basis, and there is no record evidence, nor logic, for the proposition that it would not do so on appeal as well.

Second, the appeal should be dismissed, not expedited.  The entire appeal is moot because it seeks to revisit the order approving the sale of substantially all of the Debtors' assets to TRAC (the "Sale Order"), but the sale has already occurred. Additionally, the appeal of the Fee Issues should be dismissed because the Committee itself, as opposed to its lawyers and other professionals, has no standing to pursue it.

Third, rather than requiring immediate Court action, the Fee Issues are not even ripe for adjudication, and certainly should not be heard on an expedited basis. Whether the Committee's professionals' fee applications will be allowed at all is a subject currently pending before the Bankruptcy Court, and a hearing is not scheduled until March 13, 2007.

It also bears noting that the Motion is replete with errors, misstatements of the Record and the like, some of which TRAC notes below.

## I.    THE COMMITTEE WILL HAVE COMPETENT COUNSEL TO PROSECUTE THE APPEAL.

The Committee's public policy arguments are a red herring for two reasons. Greenberg Traurig may not withdraw as counsel without Bankruptcy Court approval, and the prosecution of this appeal would proceed on the same basis as did prosecution of the adversary proceeding: on a contingency fee basis.

### A.    Greenberg Traurig May Not Withdraw As Counsel Without Court Approval.

The entire premise of the Motion is misplaced. The Committee contends that it "is not in a position to obtain adequate legal representation for the ongoing expense of pursuing rights on appeal," and that it "lacks the ability to participate effectively in this appeal or the related appellate proceedings, or otherwise prosecute its appeals, unless relief first is granted with respect to the Committee's professional fees." Motion ¶ 30. No other ground for expediting the Fee Issues has been submitted.

The Committee's argument entirely ignores the fact that the Committee already has counsel *which is not permitted to withdraw* absent bankruptcy court approval. The Bankruptcy Court approved the Committee's motion to retain Greenberg Traurig as its counsel (Dkt. 240), and Greenberg Traurig remains the Committee's lawyers. District Court Local Rule 83.7[1] provides:

> An attorney may withdraw an appearance for a party without the Court's permission when such withdrawal will leave a member of the Bar of this Court appearing as attorney of record for the party. <u>Otherwise, no appearance shall be withdrawn except by order on a motion duly noticed to each party</u> and served on the party client, at least ten days before the motion is presented….

Local Rule 83.7 (emphasis supplied).

---

[1] District Court Local Rule 83.7 applies in bankruptcy cases. <u>See</u> Bankruptcy Court Local Rule 9010-2.

Thus, Greenberg Traurig may not withdraw as counsel without Judge Walsh's approval. <u>See</u> <u>Worldspan, L.P. v. The Ultimate Living Group, LLC</u>, 2006 U.S. Dist. LEXIS 21451 (D. Del. Apr. 20, 2006) (denying a motion to withdraw as counsel under Local Rule 83.7). No such motion has been made, and it would be inappropriate for this Court, sitting on appeal, to assume such a motion would be granted. Indeed, many courts have denied motions to withdraw premised solely on the lawyers' complaint that they were not being paid. <u>See</u>, <u>e.g.</u>, <u>In re Albert</u>, 277 B.R. 38 (Bankr. S.D.N.Y. 2002); <u>In re Edsall</u>, 89 B.R. 772 (Bankr. N.D. Ind. 1988); <u>In re Cuddy</u>, 322 B.R. 12 (Bankr. D. Mass. 2005). Moreover, unquestionably Greenberg Traurig's withdrawal would cause delay in these appeals, which is an independent ground to deny any motion to withdraw. <u>See</u> <u>Worldspan</u>, 2006 U.S. Dist. LEXIS 21451 at *2; <u>Rusinow v. Kamara</u>, 920 F.Supp. 69, 71 (D.N.J. 1996); <u>Chester v. May Dep't Store Co.</u>, 2000 U.S. Dist. LEXIS 50; 2000 WL 12896, *1 (E.D. Pa. 2000).

In short, Greenberg Traurig remains the Committee's counsel. Until it convinces Judge Walsh that it should be permitted to withdraw due to non-payment -- which it very well might *never* do -- the Committee simply cannot be heard to argue that absent an expedited (and favorable) ruling on the Fee Issues, the Committee will not be adequately represented.

**B.**     **The Committee May Employ Appellate Counsel on the Same Basis as Trial Counsel:  A *De Facto* Contingency Basis.**

The Motion's premises is baffling for another reason: the lawyers for the Committee took exactly the same risk of non-payment in prosecuting the adversary proceeding that they would be taking in prosecuting the appeal. Thus, it is difficult to

understand how the Committee can allege that it can attract lawyers to take a $5 million gamble in litigating, but not the much smaller amount in appealing.

The Committee and its professionals knew from the earliest days of the Debtors' bankruptcy cases that they were taking their representation essentially on a contingency fee basis (other than $300,000)[2]. The Committee and its professionals knew that there were insufficient assets to pay all claims,[3] and that assets would be available to pay the Committee professionals only if they prevailed in their litigation against Tennenbaum Lenders for recharacterization or equitable subordination, which they failed to do. Indeed, one of the Committee's repeated objections during the Chapter 11 cases was that the proposed Asset Purchase Agreement would result in no distribution to other creditors. See, e.g., Dkt. 144 (Committee's objection to the bidding procedures motion) at ¶1 (sale would "leav[e] nothing for any non-insider creditor"); ¶8 (sale "will leave hardly any cash to cover the administrative expenses . . . let alone the Debtors' consolidated arms-length liabilities."); ¶10 ("Indeed, the unsecured creditors will actually be worse off than if these cases were filed as liquidating Chapter 7 cases …"). As a result, the Committee's professionals knew that they were taking the case on a contingency fee basis.

Indeed, the Bankruptcy Court repeatedly warned the Committee that the estate would not be burdened by Committee professional fees absent a showing of benefit to the estate from their litigation against Tennenbaum, which they failed to show. At the

---

[2] This amount was set aside in the Debtor in Possession loan to fund investigations of claims against Tennenbaum ($200,000) and the Debtors' revolving lender, Silver Point ($100,000).

[3] This was the case because the total of secured claims alone was more than TRAC's stalking horse bid for substantially all of the assets of the Debtors. Thus, unless either TRAC was substantially overbid at an auction or the Committee was able to set aside Tennebaum's secured interest -- neither of which occurred -- the assets of the estate would be sold for less than the amount of the secured debt.

October 27, 2006 hearing on whether the Bankruptcy Court should grant the Committee derivative standing to prosecute claims of the estate, the Bankruptcy Court warned the Committee not to waste estate resources:

> But let me make this comment. Quite candidly, as some of these Counts I consider -- how should I put it -- longshots and if we spend -- how many days are we going to have for this trial? .…Well let me just say that if at the end of the day these Counts don't have merit sufficient for me to enter anything in your favor, come fee application time, you may be subject to a severe adjustment….I'm not making a judgment….I don't know enough about this -- I've read your complaint, but I haven't seen the evidence. But it's going to be a very expensive proposition and unless the estate benefits, I'm going to ask why anybody should be paid for what we did.

(October 27, 2006 Transcript, attached hereto as Ex. 1, at 75-76).

The Bankruptcy Court conducted eight days of trial between November 2 and November 14, 2006 (the "Trial"). During Trial, the Bankruptcy Court again repeatedly warned the Committee that it saw no basis for at least some of the claims. See, e.g., Tr. 1435 ("The only count they left out was loss of consortium, and some of these counts don't stand a chance of even being seriously considered."); Tr. 1639 ("I must tell you very candidly, if at the end of the day this complaint goes nowhere, I may wish to examine the committee members under oath."); Tr. 336 ("Strikes me that the committee is swinging for the fence. So far its been an infield pop.").

Given these repeated statements by the Court, the Committee's professionals can hardly be surprised that they will not be paid for trial. It was a contingency representation (other than $300,000). It is hard to fathom why the appeal should be any different -- and why that matters in attracting counsel.

## II.      THE APPEAL SHOULD BE DISMISSED.

No portion of the appeal should be expedited. Instead, the entire appeal should be dismissed as moot, or in the alternative the Fee Issues should be dismissed

because the Committee, as opposed to its lawyers, have no standing to pursue such issues.

A.    **The Appeal is Moot.**

The Committee knows that appellees TRAC and Tennenbaum are planning to file a motion to dismiss the appeal on mootness grounds. The sale closed on Nov. 29, 2006, more than $80 million has been paid by TRAC to numerous parties, new contracts have been entered into between TRAC and many of the former vendors and customers of the Debtors and numerous new mortgages and security agreements have been entered into by TRAC encumbering the purchased assets. Accordingly, there can be no appellate review of the Sale Order because (1) there is no practical relief that this appellate court could grant that would not affect the validity of the sale (the doctrine of statutory mootness under 11 U.S.C. §363(m),[4] and (2) even if such relief could conceivably be fashioned, implementation of that relief would be inequitable as it would require disgorgement by third party creditors of millions of dollars and the unwinding of numerous implemented and ongoing contractual obligations between TRAC and such third party creditors (the doctrine of equitable mootness in the bankruptcy context).

Knowing that TRAC intended to file a motion to dismiss the appeal on mootness grounds just as soon as a judge is assigned to this appeal, the Committee decided to try to preempt that inevitability by seeking a stay of all appellate questions (including of course, mootness) until the Committee gets a hearing on its professional fee

---

[4] "The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal." 11 U.S.C. § 363(m).

issues.  This Court should not abide such procedural manipulations cloaked in public policy arguments.

Rather than include all of its section 363(m) mootness arguments in this pleading, Tennenbaum will  brief the issue when a Judge is assigned to this appeal.

**B.**     <u>**The Committee Lacks Standing to Pursue the Fee Issues.**</u>

TRAC also intends to move to dismiss the appeal of the Fee Issues because the Committee -- as opposed to Greenberg Traurig and the rest of the professionals employed by the Committee -- lacks standing to prosecute these issues.  To be entitled to standing to appeal an order of the bankruptcy court, the appellant must be a "person aggrieved" by the bankruptcy court's order.  <u>Gen. Motors Corp. v. Dykes (In re Dykes)</u>, 10 F.3d 184, 187 (3d Cir. 1993); <u>Richardson v. Treacy (In re Richardson Indus. Contractors, Inc.)</u>, 2006 U.S. App. LEXIS 15252, *5 (3d Cir. June 20, 2006).   The Third Circuit repeatedly has held that a litigant is a "person aggrieved" only if the order of the bankruptcy court "diminishes their property, increases their burdens, or impairs their rights."  <u>In re Dykes</u>, 10 F.3d at 187; <u>In re Combustion Eng'g, Inc.</u>, 391 F.3d 190, 214 (3d Cir. 2004).  <u>In re Richardson Indus. Contractors, Inc.</u>, 2006 U.S. App. LEXIS 15252 at *5.

It is clear that the Fee Issues do not diminish the Committee's property, do not increase the Committee's burdens and do not impair the Committee's rights.  Creditors committees do <u>not</u> pay their own professionals; committee professionals only get paid by the bankruptcy estate.  <u>See</u> 11 U.S.C. § 330.  If the estate lacks sufficient funds to pay professionals, committee members do not come out-of-pocket to pay their professionals, but rather the professionals simply do not get paid.  That is one of the risks

for professionals undertaking a committee engagement. This Committee was no different. As Greenberg Traurig disclosed in its retention application, "Other than as set forth above,[5] there is no proposed arrangement to compensate Greenberg Traurig in connection with its representation of the Committee." See Dkt. 146 (Application to retain Greenberg Traurig, attached hereto as Ex. 2) at ¶ 15; id. at Ex. A. (Affidavit of Victoria Watson Counihan in support of the Application to retain Greenberg Traurig) at ¶ 15.

Thus, if the Sale Order is affirmed, and the Committee professionals can be paid no more than $300,000 out of the outrageous $5 million + bill they have run up as of the end of November 2006, there is no circumstance in which the Committee or its members will be required to pay the remaining $4.7 million. Rather, the Professionals simply will have a claim (if allowed) that will be unpaid. While that might make the Professionals (if their claims were allowed) "persons aggrieved," it does not render the Committee itself -- the only appellant -- a "person aggrieved." If the Committee professionals are not paid and are left with a claim, the Committee's property will not be diminished since its members will pay no extra money to the Professionals, the Committee will have no increased burdens, and the rights of the Committee and its members (as opposed to its Professionals) to payment will be unimpaired.

Simply put, the wrong entity pursued the appeal of the Fee Issues, so that portion of the appeal must be dismissed, not expedited. When Judge Walsh enters orders on the applications of the Professionals for allowance of fees and expenses, those orders

---

[5] This reference is to Greenberg Traurig applying for fees and expenses from the estate, the billable rates of the Greenberg Traurig employees and what types of expenses would be reimbursable.

may be the subject of separate appeals by the Professionals.  This appeal however, is not the proper proceeding for addressing those not yet determined bankruptcy court issues.

### III.    THE FEE ISSUES ARE NOT EVEN RIPE FOR ADJUDICATION.

Rather than requiring immediate attention, the Fee Issues are not yet ripe for resolution.  Thus, rather than expedite the appeal of these issues, the Court should either dismiss them or, at a minimum, hold them in abeyance until they become ripe.

The Fee Issues are not ripe because there is no Record evidence that the Committee's professionals will have allowed claims which may be paid, regardless of how this Court rules on the Committee's theoretical appeal issues on the allocation of allowed professional fees.  Indeed, the Committee's professionals only just filed their applications for payment of fees incurred in the first three months of the chapter 11 cases on December 15, 2006.  (See Docket Nos. 762, 764, 765 and 767 and attached exhibit). Tennenbaum and the Debtors objected to these fee applications, and the court appointed fee examiner has not yet finalized his review of the fee applications.  Thus, the Bankruptcy Court has yet to rule on the propriety of any of those fee applications.  A hearing in the Bankruptcy Court to consider the Committee's professional fee applications is scheduled for March 13, 2007.  (See Docket No. 807; Motion ¶ 8).

Because none of the Committee professionals has had their fees allowed, none of the inequities the Committee complains about in the Motion has yet occurred. Thus, the issues that the Committee seeks an adjudication on are at this point only hypothetical, and no parties should be forced to address them on an expedited basis. Indeed, that is the entire point of the doctrine of ripeness -- precious judicial resources should not be wasted on deciding hypothetical issues that have not yet come to fruition.

See Hoxha v. Levi, 465 F.3d 554, 565 (3d Cir. 2006); Peachlum v. City of York, Pennsylvania, 333 F.3d 429, 433-34 (3d Cir. 2003).

## IV.    THE MOTION BADLY MISSTATES THE RECORD.

The Motion should be denied for the reasons set forth above.  In addition, in considering the Motion, the Court should be aware that the Motion is replete with inaccuracies and mischaracterizations of the Bankruptcy Court's rulings and the Record on this appeal.  This section points out only some of those inaccuracies and mischaracterizations.

Perhaps the most relevant mischaracterization of fact in the Motion is the notion that the Committee sought a stay of the Sale Order, the order that is the subject of this appeal.  That simply is wrong.  The Bankruptcy Court entered the Sale Order on November 21, 2006, and no motion for stay of that order was ever filed by the Committee or anyone else.  That is one of the very reasons that the sale was effectuated and this appeal was rendered moot, as noted in Section II(A) above.  Perhaps the Committee is confusing its request that the Bankruptcy Court postpone the *hearing on the Sale Order* with a request to this Court, on a motion for stay pending appeal, that the Sale Order itself be stayed.  But no motion for a stay of the Sale Order was ever filed.

Second, the Committee fails to tell this Court that the Bankruptcy Court entered an order that the Committee consented to (the DIP Financing Order entered on September 22, 2006, which is attached as Exhibit 4 to the Motion) which expressly prohibited the use of any collateral of the Debtors' secured lenders to prosecute claims against such secured lenders, including Tennenbaum, with the exception of $300,000. (See DIP Financing Order ¶ 26).  The DIP Financing Order was not the result of any

11

machinations between the Debtors, Tennenbaum and the Bankruptcy Court. The DIP Financing Order was entered with the <u>consent</u> of the Committee, and the Committee was acutely aware of the provisions of paragraph 26. The Committee should not now be allowed to collaterally attack that order.

Third, The Committee tries to lend an air of reasonableness to its litigation strategy by claiming at least three times that it raised "many of the same claims and objections" (or in one instance, "numerous claims and objections") also raised by counsel for the Debtors' special committee of the board of directors. That contention is meritless. The special committee's counsel, WilmerHale, raised questions about only <u>one</u> of the multitude of issues which the Committee chose to litigate in far flung litigation which Judge Walsh rejected *en toto*. Even on that one issue, WilmerHale expressed doubts. To try to suggest that the Committee's litigation strategy was "just like WilmerHale's," and therefore reasonable, is revisionist history at its worst.

Finally, in their Motion, the Committee asserts that TRAC acquired the Debtors' assets by a credit bid, attempting to leave an impression that credit was the *only* form of consideration paid by TRAC. In truth, in addition to its credit bid, TRAC also paid more than $80 million in <u>cash</u> to the Debtors' creditors, and further assumed more than $30 million of additional debt from the Debtor's creditors. The evidence submitted by the Debtors to the Bankruptcy Court established that the value to creditors of TRAC's bid for the Debtors' assets exceeded $210 million.

In short, the Committee has taken great liberties with the Record. The Record itself does not support the Motion.

WHEREFORE, Tennenbaum respectfully requests that the Motion be denied, and that the Court order other and further relief as is just and proper.

Dated: January 23, 2007
       Wilmington, Delaware

Mark D. Collins (No. 2981)
Russell C. Silberglied (No. 3462)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE  19899
Telephone:   (302) 651-7700
Facsimile:   (302) 651-7701

- and -

MILBANK, TWEED, HADLEY & McCLOY LLP
Gregory A. Bray
Kenneth A. Ostrow
Fred Neufeld
601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017
Telephone:   (213) 892-4000
Facsimile:   (213) 629-5063

Attorneys for TR Acquisition Co., Inc.,
Tennenbaum Capital Partners, LLC, Special Value
Opportunities Fund, LLC, Special Value Expansion
Fund, LLC and Jose Feliciano

13

# **Exhibit 1**

1    to get their day in court on all of these claims.

2          So whether it's evidence of that or otherwise, hold

3    it off until the end of that trial.  Don't try to get in the

4    way of that trial with the 9019.  However, I just want to

5    understand what our role will be with respect to 9019s and

6    settlements, whether or not the Committee or whether or not any

7    other creditors are interested in that.  Because we may just

8    step aside and let the litigation go forward and on the 16th or

9    whenever Your Honor enters your opinion, we'll deal with the

10   circumstances.

11         I throw that out.  That was a concern of theirs.  I

12   have a concern as to what I'm supposed to do as a fiduciary now

13   to try to settle this.  I don't want to participate in the two-

14   party litigation.

15         THE COURT:  Okay, what -- I'll leave it up to you and

16   Mr. Goldman whether you want to be here for that first trial.

17         MR. GALARDI:  Okay.

18         THE COURT:  But let me make this comment.  Quite

19   candidly, as some of these Counts I consider -- how should I

20   put it -- longshots and if we spend -- how many days are we

21   going to have for this trial?  Two, three, four?

22         MR. CITERA:  I thought on Wednesday you'd given us

23   about six or seven.

24         MR. GALARDI:  Which is our concern about settlement

25   and all of that, Your Honor.

**J&J COURT TRANSCRIBERS, INC**

1           THE COURT:  Well, let me just say that if at the end

2    of the day these Counts don't have merit sufficient for me to

3    enter anything in your favor, come fee application time, you

4    may be subject to a severe adjustment.

5           MR. CITERA:  I understand.

6           THE COURT:  I'm not making a judgment.

7           MR. CITERA:  Sure, no, I understand.

8           THE COURT:  I don't know enough about this -- I've

9    read your complaint, but I haven't seen the evidence.  But it's

10   going to be a very expensive proposition and unless the estate

11   benefits, I'm going to have to ask why anybody should be paid

12   for what we did.  Did you say six or seven days?

13          MR. CITERA:  If you -- I think we're starting

14   Thursday, Friday and then I thought you had cleared out most of

15   the following week.

16          MR. GALARDI:  I hope Your Honor can stand the trial.

17          THE COURT:  Okay.  Well, what I've cleared is six

18   days.

19          MR. CITERA:  yeah.  Well, I said six or seven, Judge.

20          THE COURT:  How many witnesses do you have?

21          MR. CITERA:  We're -- I guess that goes to part of

22   the pretrial issues.  We are working with Tennenbaum to put

23   together the exhibits in chronological order as the Court

24   suggested as well as a witness list.  About 15.

25          MR. OSTROW:  Good morning, Your Honor.  Ken Ostrow

**J&J COURT TRANSCRIBERS, INC**

# **Exhibit 2**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 06-10894 (PJW) |
| RADNOR HOLDINGS CORPORATION, et al., | Jointly Administered |
| Debtors. | **Hearing Date: 9/20/06 at 2:00 p.m.**<br>**Objections Due: 9/15/06 at 4:00 p.m.** |

### APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF GREENBERG TRAURIG, LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *NUNC PRO TUNC* TO AUGUST 30, 2006

The Official Committee of Unsecured Creditors of Radnor Holdings Corporation, *et al*[1].

(the "**Committee**"), submits this application for entry of an Order, pursuant to sections 328(a)

and 1103(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, (the "**Bankruptcy**

**Code**"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Local Rule 2014-1, authorizing the retention and employment of the

law firm of Greenberg Traurig, LLP ("**Greenberg Traurig**"), as counsel to the Committee, *nunc*

*pro tunc* as of August 30, 2006. The facts and circumstances supporting this application (the

"**Application**") are as set forth herein and in the Affidavit of Victoria Watson Counihan (the

"**Counihan Affidavit**"), which is annexed hereto as Exhibit A and incorporated herein by

reference. In further support of this Application, the Committee respectfully represents as

follows:

---

[1]    The Debtors are the following entities: Radnor Holdings Corporation, Benchmark Holdings, Inc., Radnor Asset Management, Inc., Radnor Chemical Corporation, Radnor Delaware II, Inc., Radnor Investments II, Inc., Radnor Investments III, Inc., Radnor Investments, Inc., Radnor Investments, L.L.C., Radnor Management Delaware, Inc., Radnor Management, Inc., StyroChem Delaware, Inc., StyroChem Europe Delaware, Inc., StyroChem GP, L.L.C., StyroChem LP, L.L.C., StyroChem U.S. Ltd., WinCup Europe Delaware, Inc., WinCup GP, L.L.P., WinCup Holdings, Inc., WinCup LP, L.L.C., WinCup RE, L.L.C., WinCup Texas, Ltd.

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.    This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.    The statutory predicates for the relief sought herein are sections 328(a) and 1103(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a), 2016 and 5002.

## BACKGROUND

3.    On August 21, 2006, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "**Cases**").    The Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.    No trustee or examiner has been appointed in these Cases.

4.    On August 30, 2006, the Office of the United States Trustee for the District of Delaware (the "**Trustee**") held an organizational meeting of the Debtors' largest unsecured creditors.    At the meeting, the Trustee appointed the following seven creditors to serve on the Committee in these Cases:

- U.S. Bank, N.A.
- Airlie Group
- Barclays Bank PLC
- Peritus I Asset Management LLC
- Total Petrochemicals USA, Inc.
- Lyondell Chemical Company; and
- Polar Plastics, Inc.

## RELIEF REQUESTED

5.    The Committee desires to retain and employ Greenberg Traurig as its counsel in these Cases, *nunc pro tunc* as of August 30, 2006.    The Committee selected Greenberg Traurig because of its substantial experience appearing before Courts in this District and its substantial

experience representing committees and creditors in complex reorganization cases. The Committee has further determined that Greenberg Traurig has the requisite resources and experience necessary to represent it in these Cases.

6.    By this Application, the Committee respectfully requests that this Court enter an Order authorizing the Committee to employ and retain Greenberg Traurig as its counsel pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, *nunc pro tunc* as of August 30, 2006.

## SCOPE OF EMPLOYMENT

7.    The professional services that the Committee expects that Greenberg Traurig will be called upon to render include, but shall not be limited to, the following:

    (a)    provide legal advice with respect to the Committee's rights, powers and duties in these Cases;

    (b)    prepare all necessary applications, answers, responses, objections, orders, reports and other legal papers;

    (c)    represent the Committee in any and all matters arising in the Cases including any dispute or issue with the Debtors, any alleged secured creditors or any other creditors or third parties;

    (d)    assist the Committee in its investigation and analysis of the Debtors, including but not limited to, the review and analysis of all pleadings, claims and/or plans of reorganization that may be filed in these Cases and any negotiations or litigation that may arise out of or in connection with such matters, operations and financial affairs;

    (e)    represent the Committee in all aspects of confirmation proceedings; and

    (f)    perform all other legal services for the Committee that may be necessary or desirable in these proceedings.

8.    Subject to the Court's approval of this Application, Greenberg Traurig has indicated that it is willing to serve as the Committee's counsel in these Cases and to perform the services described above.

## GREENBERG TRAURIG DOES NOT HOLD
## OR REPRESENT ANY ADVERSE INTEREST

9.    As set forth in greater detail in the Counihan Affidavit, Greenberg Traurig has completed a conflicts check including the following names: (a) the Debtors and their non-debtor subsidiaries; (b) the Debtors' current and former officers and directors; (c) significant affiliations of the Debtors' current officers and directors; (d) the Debtors' prepetition and post-petition secured lenders and miscellaneous secured creditors; (e) the Debtors' professionals in these Cases; (f) the Debtors' largest trade creditors; (g) the members of the Committee; (h) the Debtors' significant competitors and parties to significant contracts; (i) the Debtors' significant shareholders and noteholders; (j) the Debtors' significant lessors; and (k) other significant parties in the Cases (collectively, the "**Potentially Interested Parties**").    A list of the Potentially Interested Parties, which was provided to Greenberg Traurig by Debtors' counsel, is attached to the Counihan Affidavit as **Attachment A.**    Greenberg Traurig compared the names of the Potentially Interested Parties against a list of Greenberg Traurig's current and former engagements, clients and adverse parties (the "**Client Database**").

10.    To the best of the Committee's knowledge, based upon the Counihan Affidavit and except as set forth herein, Greenberg Traurig (a) does not hold or represent any interest adverse to the Debtors or their Chapter 11 estates, their creditors, or any other party in interest and (b) is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.[2]    Because Greenberg Traurig is a large firm with an international practice, the Committee

---

[2]    Section 1103(b) of the Bankruptcy Code provides that proposed counsel to an official committee

is aware that Greenberg Traurig may represent, or may have represented, certain creditors of the Debtors' estates or other parties-in-interest in matters unrelated to the Debtors or these Cases.

11.    To the best of the Committee's knowledge, (a) Greenberg Traurig's connections with those parties listed as Potentially Interested Parties are disclosed in the Counihan Affidavit and (b) the Greenberg Traurig attorneys and other professionals who will work on this matter are not relatives of the Peter J. Walsh, the Bankruptcy Judge presiding over these Cases, the United States Trustee for Region 3, or any person employed in the Wilmington Office of the United States Trustee.

## COMPENSATION

12.    Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis. *See* 11 U.S.C. § 328(a).  Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the rules and other procedures that may be fixed by this Court, the Committee requests that Greenberg Traurig be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses Greenberg Traurig incurs, in accordance with the ordinary and customary rates which are in effect on the date the services are rendered, including, but not limited to, photocopies, word processing, courier service, computer assisted research, docket and court filing fees, telecommunications, travel, court reporting charges, and any other incidental costs advanced by the firm specifically for these matters, at the rates commonly charged for such costs to other Greenberg Traurig clients.  In addition, Greenberg Traurig has advised the Committee that it

---

of unsecured creditors may not represent any other entity having an adverse interest in connection with the case. Greenberg Traurig has made this disclosure with respect to disinterestedness out of an abundance of caution and to the extent required by section 328(c) of the Bankruptcy Code.

intends to seek compensation for all time and expenses associated with its retention as a professional, including the preparation of this Application, the Counihan Affidavit, and related documents, as well as any monthly fee statements or interim or final fee applications.

13.    Greenberg Traurig has advised the Committee that the current hourly rates applicable to the principal attorneys and paralegals proposed to represent the Committee are:

| Professional | Rate Per Hour |
|---|---|
| Nancy A. Mitchell | $615 |
| Nancy A. Peterman | $545 |
| Donald J. Detweiler | $490 |
| Monica L. Loftin | $470 |
| Victoria W. Counihan | $440 |
| Dennis A. Meloro | $300 |
| Elizabeth C. Thomas | $170 |

Other attorneys and paralegals will render services to the Committee as needed.  Generally, Greenberg Traurig's hourly rates are in the following ranges:

| Professional | Rate Per Hour |
|---|---|
| Shareholders | $235 to $750 |
| Associates | $130 to $480 |
| Legal Assistants/Paralegals | $ 65 to $230 |

14.    The Committee understands that the hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

15.    Other than as set forth above, there is no proposed arrangement to compensate Greenberg Traurig in connection with its representation of the Committee.

## REQUEST FOR APPROVAL OF RETENTION OF
## GREENBERG TRAURIG *NUNC PRO TUNC* AS OF AUGUST 30, 2006

16.     The Committee requests that the approval of Greenberg Traurig's retention be approved *nunc pro tunc* as of August 30, 2006.  Due to the size and complex nature of these Cases as well as the significant relief sought by the Debtors during the early stages of these Cases, there was an immediate need for Greenberg Traurig to perform services for the Committee.  The Committee has sought authorization to retain Greenberg Traurig as soon as reasonably practicable.  The Committee submits that these circumstances warrant such approval. See e.g., F/S Airlease II, Inc. v. Simon (IN re F/S Airlease II, Inc.), 844 F.2d 99, 103 (3rd Cir. 1988); Indian River Homes, Inc. v. Sussex Trust Co., 108 B.R. 46, 51 (D. Del. 1989).

## NOTICE AND REQUEST TO LIMIT NOTICE

17.     Notice of the Application has been given to (i) counsel to the Debtors; (ii) the United States Trustee for the District of Delaware; (iii) counsel to the prepetition lenders; (iv) counsel to the debtor-in-possession lenders; and (v) all parties who have requested notice of the pleadings filed in this case pursuant to FED. R. BANKR. P. 2002.  The Committee submits that, given the nature of the relief requested, no further notice is necessary.

**WHEREFORE**, based upon the foregoing, the Committee respectfully requests that the Court enter an order substantially in the form annexed hereto (a) granting this Application, (b) authorizing the Committee to retain and employ Greenberg Traurig in these Cases, *nunc pro tunc* as of August 30, 2006, and (c) granting such other and further relief as this Court may deem just and proper.

Date: September 11, 2006

Official Committee of Unsecured Creditors of
Radnor Holdings Corporation, *et. al.*

By: _____
Jeremy Bloomer, Airlie Group
Committee Co-Chair


By: _____
J. Donald Hamilton, Lyondell Chemical Company
Committee Co-Chair

Date:  September _11_, 2006

Official Committee of Unsecured Creditors of
Radnor Holdings Corporation, *et. al.*

By:_____
    Jeremy Bloomer, Airlie Group
    Committee Co-Chair

By:_____
    J. Donald Hamilton, Lyondell Chemical Company
    Committee Co-Chair

8

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RADNOR HOLDINGS CORPORATION, et al., | Case No. 06-10894 (PJW) |
| Debtors. | **Requested Objection Deadline: September 15, 2006 at 4:00 p.m.**<br>**Requested Hearing Date: September 20, 2006 at 2:00 p.m.** |

### NOTICE OF APPLICATION

PLEASE TAKE NOTICE that the Official Committee of Unsecured Creditors (the "Committee) in the chapter 11 cases of the above-captioned debtors and debtors in possession filed the Application of the Official Committee Of Unsecured Creditors For Entry Of An Order Authorizing the Retention and Employment Of Greenberg Traurig, LLP as Co-Counsel to the Official Committee of Unsecured Creditors, *Nunc Pro Tunc* to August 30, 2006 (the "Application").

PLEASE TAKE FURTHER NOTICE that the Committee has requested Objections to the Application, if any, must be filed on or before **September 15, 2006 at 4:00 p.m.** (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, Marine Midland Plaza, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801 (the "Court"). At the same time, you must also serve a copy of the Objection upon the undersigned counsel to the Committee so that the response is received on or before the Objection Deadline.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING. THE COMMITTEE HAS REQUESTED THAT A HEARING WITH RESPECT TO THE APPLICATION BE HELD ON SEPTEMBER 20, 2006 AT 2:00 P.M. BEFORE THE HONORABLE PETER J. WALSH, UNITED STATES BANKRUPTCY COURT, 824 MARKET STREET, COURTROOM #2, WILMINGTON, DE 19801.

Dated: September 11, 2006

GREENBERG TRAURIG, LLP

*Victoria W Counihan*

Donald J. Detweiler (No. 3087)
Victoria W. Counihan (No. 3488)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360

And

Nancy A. Mitchell, Esq.
Nancy A. Peterman, Esq.
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 250
Chicago, IL 60601
(312) 456-8400

Proposed Counsel for the Official
Committee of Unsecured Creditors

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RADNOR HOLDINGS | ) | Case No. 06-10894 (PJW) |
| CORPORATION, et al., | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

**AFFIDAVIT OF VICTORIA WATSON COUNIHAN PURSUANT TO BANKRUPTCY RULE 2014(a) IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF GREENBERG TRAURIG, LLP AS COUNSEL TO THE COMMITTEE, *NUNC PRO TUNC* AS OF AUGUST 30, 2006**

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) ss: |
| COUNTY OF NEW CASTLE | ) |

I, Victoria Watson Counihan, being duly sworn, depose and say:

1.      I am a shareholder at the law firm of Greenberg Traurig, LLP ("**Greenberg Traurig**"), which maintains offices throughout the United States, including at 1007 North Orange Street, Suite 1200, Wilmington, Delaware, 19801. I submit this affidavit on behalf of Greenberg Traurig in support of the application (the "**Application**")[1] of the Official Committee of Unsecured Creditors (the "**Committee**") appointed in the Chapter 11 cases (the "**Cases**") of Radnor Holdings Corporation, *et al.* (the "**Debtors**"), for entry of an Order, pursuant to sections 328(a) and 1103(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the retention and employment of Greenberg Traurig, as counsel for the Committee, *nunc pro tunc* as of August 30, 2006 (the "**Affidavit**").

---

[1]      Capitalized terms used herein but not otherwise defined shall have those meanings set forth in the Application.

Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.[2]

## QUALIFICATIONS OF GREENBERG TRAURIG, LLP.

2.    Greenberg Traurig maintains an office for the practice of law in Wilmington, Delaware, where these Cases are pending and has extensive experience appearing before Courts in this District. In addition, Greenberg Traurig has substantial experience representing committees in complex reorganization cases. Given the nature of these Cases, I believe Greenberg Traurig has the resources and experience necessary to represent the Committee in these Cases.

## GREENBERG TRAURIG'S DISINTERESTEDNESS

3.    To the best of my knowledge and information after due inquiry, Greenberg Traurig has no connection with the Debtors, their creditors, any other party-in-interest herein or their respective attorneys or professionals, and does not hold, or represent any entity having, an adverse interest in connection with these Cases, except as disclosed herein. For so long as Greenberg Traurig represents the Committee, and absent further order of this Court, Greenberg Traurig will not represent any entity other than the Committee in connection with these Cases.

4.    As more fully described hereinafter, Greenberg Traurig maintains a computer client database (the "Client Database") containing the names of all of Greenberg Traurig's current and former clients and, where practical, the known affiliates of those clients. In connection with preparing this Affidavit, I caused to be submitted to, and checked against, that Client Database all of the following information (a) the Debtors and their non-debtor subsidiaries; (b) the Debtors' current and former officers and directors; (c) significant affiliations

---

[2]    Certain of the disclosures herein relate to matters within the knowledge of other attorneys at Greenberg Traurig.

of the Debtors' current officers and directors; (d) the Debtors' prepetition and post-petition secured lenders and miscellaneous secured creditors; (e) the Debtors' professionals in these Cases; (f) the Debtors' largest trade creditors; (g) the members of the Committee; (h) the Debtors' significant competitors and parties to significant contracts; (i) the Debtors' significant shareholders and noteholders; (j) the Debtors' significant lessors; and (k) other significant parties in the Cases (collectively, the "Potentially Interested Parties").   A list of the Potentially Interested Parties, which was provided to Greenberg Traurig by Debtors' counsel,  is attached hereto as Attachment A.  Greenberg Traurig compared the names of the Potentially Interested Parties against the Client Database.

5.    This inquiry revealed that certain of the Potentially Interested Parties are current or former Greenberg Traurig clients (the list of such clients is attached hereto as Attachment B and is incorporated herein by reference, and is referred to herein as the "Client Match List"). Through the information generated from the above-mentioned computer inquiry, and through follow-up inquiries with Greenberg Traurig attorneys responsible for certain clients listed on the Client Match List, to the extent necessary, Greenberg Traurig determined that the representation of those clients on the Client Match List concerned matters unrelated to the Debtors or these Cases.

6.    Through a firm wide e-mail, Greenberg Traurig also solicited information from its attorneys to determine if any attorneys employed by Greenberg Traurig are related to the Honorable Peter J. Walsh, the Bankruptcy Judge presiding over these Cases, the United States Trustee for Region 3, or any person employed in the Wilmington Office of the United States Trustee.  No such connections have yet been discovered.  In the event that any additional

information is received, Greenberg Traurig will supplement this Affidavit to the extent necessary.

7.    Greenberg Traurig maintains and systematically updates its Client Database in the ordinary course of business, and it is the regular practice of Greenberg Traurig to make and maintain these records.  The Client Database maintained by Greenberg Traurig is designed to include every matter on which Greenberg Traurig is now or has been engaged, the entity by which Greenberg Traurig is now or has been engaged and, in each instance, the identity of related parties and adverse parties and the attorney at Greenberg Traurig that is knowledgeable about the matter.  It is the policy of Greenberg Traurig that no new matter may be accepted or opened without completing and submitting to those charged with maintaining the Client Database the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties.  Accordingly, the Client Database is regularly updated for every new matter undertaken by Greenberg Traurig.

8.    As expected, with more than 1,500 lawyers internationally, Greenberg Traurig necessarily has connections with certain creditors and other parties-in-interest.  To the fullest extent possible, those connections as known or discovered to date are disclosed in this Affidavit or Attachment B thereto.  However, in addition to the connections disclosed herein and in Attachment B,  Greenberg Traurig and certain of its shareholders, counsel and associates may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest of the Debtors in connection with matters unrelated to the Debtors or these Cases.  Moreover, Greenberg Traurig appears in many cases, proceedings, and transactions involving different attorneys, financial consultants and investment bankers, some of which may now or in the future represent the Potentially Interested Parties or other parties-in-interest in

these Cases. From time to time, Greenberg Traurig will review its disclosures in these Cases and in the event that additional material connections are discovered, Greenberg Traurig will disclose such information to the Court on notice to parties-in-interest and the United States Trustee.

9.     None of Greenberg Traurig's representations of parties-in-interest in these Cases comprise a material component of Greenberg Traurig's practice, nor does it represent such parties on any issue relating to the Debtors or their estates. As in any complex Chapter 11 case, however, it may become necessary to pursue legal action against certain parties who appear on the Client Match List. In that event, the Committee will retain conflicts counsel to pursue such matters.

10.     Finally, SPCP Group, LLC (**"SPCP"**), an affiliate of Silver Point Finance, LLC (**"Silver Point Finance"**) is a prepetition lender of the Debtors and the syndication agent under the Debtors' prepetition revolving credit facility. Silver Point Finance is the administrative and collateral agent for the debtor-in-possession facility and together with Field Point III, Ltd. and Field Point IV, Ltd. (collectively with Field Point III, Ltd., SPCP and Silver Point Finance, **"Silver Point"**), is a lender under the debtor-in-possession financing revolving credit facility. As set forth in Attachment B to the Affidavit, Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Silverpoint Finance, LLC and Silver Point Capital Fund L.P. in matters unrelated to the Debtors or these Cases. Silver Point Finance, LLC has executed a waiver (the **"Silver Point Waiver"**) whereby it has consented to Greenberg Traurig's representation of the Committee in connection with the Cases and in matters unrelated to the Cases. Pursuant to the Silver Point Waiver, Greenberg Traurig will not represent the Committee in connection with any adversary proceeding commenced against Silver Point in connection with the Cases. Subject to this limitation, Greenberg Traurig shall be

permitted to pursue objections and participate in contested hearings involving the use of cash collateral and debtor in possession financing, and to perform certain investigatory activities regarding Silver Point. Greenberg Traurig will not represent Silver Point in connection with the Cases.

11.    Based on the foregoing and except as set forth herein, neither I, Greenberg Traurig, nor any shareholder, counsel, or associate thereof, insofar as I have been able to ascertain based on the information currently available to me, represents any interest adverse to the Debtors in the matters upon which Greenberg Traurig is to be engaged. To the best of my knowledge, information and belief, Greenberg Traurig is a "disinterested person"[3] as that term is defined in section 101(14) of the Bankruptcy Code in that Greenberg Traurig, its shareholders, counsel and associates:

(a)    are not creditors, equity security holders or insiders of the Debtors;

(b)    are not and were not, within two years before the date of the filing of the Debtors' Chapter 11 petitions, a director, officer, or employee of the Debtors; and

(c)    do not have an interest materially adverse to the interest of the estates or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason.

## SCOPE OF EMPLOYMENT

12.    The Committee anticipates that Greenberg Traurig may render the following services in these Cases:

(a)    provide legal advice with respect to the Committee's rights, powers and duties in these Cases;

---

[3]    Section 1103(b) of the Bankruptcy Code provides that proposed counsel to an official committee of unsecured creditors may not represent any other entity having an adverse interest in connection with the case. Greenberg Traurig has made this disclosure with respect to disinterestedness out of an abundance of caution and to the extent required by section 328(c) of the Bankruptcy Code

(b)     prepare all necessary applications, answers, responses, objections, orders, reports and other legal papers;

(c)     represent the Committee in any and all matters arising in the cases including any dispute or issue with the Debtors, alleged secured creditors and other third parties;

(d)     assist the Committee in its investigation and analysis of the Debtors, including but not limited to, the review and analysis of all pleadings, claims and/or plans of reorganization that may be filed in these Cases and any negotiations or litigation that may arise out of or in connection with such matters, operations and financial affairs;

(e)     represent the Committee in all aspects of confirmation proceedings; and

(f)     perform all other legal services for the Committee that may be necessary or desirable in these proceedings.

## PROFESSIONAL COMPENSATION

13.     Greenberg Traurig intends to apply for compensation for professional services rendered in connection with these Cases subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Greenberg Traurig.  Greenberg Traurig has advised the Committee that the current hourly rates applicable to the principal attorneys and paralegals proposed to represent the Committee are:

| Professional | Rate Per Hour |
|---|---|
| Nancy A. Mitchell | $615 |
| Nancy A. Peterman | $545 |
| Donald J. Detweiler | $490 |
| Monica L. Loftin | $470 |
| Victoria W. Counihan | $440 |
| Dennis A. Meloro | $300 |
| Elizabeth C. Thomas | $170 |

Other attorneys and paralegals will render services to the Committee as needed. Generally, Greenberg Traurig's hourly rates are in the following ranges:

| Professional | Rate Per Hour |
|---|---|
| Shareholders | $235 to $750 |
| Associates | $130 to $480 |
| Legal Assistants/Paralegals | $ 65 to $230 |

The Committee understands that the hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

14. The hourly rates set forth above are Greenberg Traurig's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Greenberg Traurig for its work and to cover fixed and routine overhead expenses. It is Greenberg Traurig's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as overtime for secretarial personnel and other staff. Greenberg Traurig will charge the Debtors' estates for these expenses in a manner and at rates consistent with charges made generally to Greenberg Traurig's clients. Greenberg Traurig believes that these expenses should fairly be charged to the clients incurring them rather than to increase the hourly rates and spread the expenses among all clients. In addition, Greenberg Traurig intends to seek compensation for all time and expenses associated with its retention in accordance with sections 330 and 331 of the Bankruptcy Code and any orders of this Court, including the preparation of the Application, this Affidavit, and related documents, as well as any monthly fee statements or interim or final fee applications.

15.     Other than as set forth herein, there is no proposed arrangement to compensate Greenberg Traurig. Greenberg Traurig has not shared, nor agreed to share (a) any compensation it has received or may receive with any other party or person, other than with the shareholders, counsel and associates of Greenberg Traurig, or (b) any compensation another person or party has received or may receive.

**REQUEST FOR APPROVAL OF RETENTION OF**
**GREENBERG TRAURIG *NUNC PRO TUNC* AS OF AUGUST 30, 2006**

16.     For the reasons stated in the Application, Greenberg Traurig has requested, and the Committee has agreed, that Greenberg Traurig's retention be approved *nunc pro tunc* as of August 30, 2006 in order to allow Greenberg Traurig to be compensated for the work it has performed for the Committee since such date, but prior to the Court's consideration of this Application.

17.     By reason of the foregoing, I believe Greenberg Traurig is eligible for employment and retention by the Committee pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code and the applicable Bankruptcy Rules.

Victoria Watson Counihan

Sworn to and subscribed before me this
____ day of September, 2006

Notary Public

STATE OF DELAWARE
COUNTY OF NEW CASTLE
My Commission Expires:

ELIZABETH C. THOMAS
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Dec. 22, 2006

# Attachment A

**The Debtors**
*Radnor Holdings Corporation*
*Benchmark Holdings, Inc.*
*Radnor Asset Management, Inc.*
*Radnor Chemical Corporation*
*Radnor Delaware II, Inc.*
*Radnor Investments II, Inc.*
*Radnor Investments III, Inc.*
*Radnor Investments, Inc.*
*Radnor Investments, L.L.C.*
*Radnor Management Delaware, Inc.*
*Radnor Management, Inc.*
*StyroChem Delaware, Inc.*
*StyroChem Europe Delaware, Inc.*
*StyroChem GP, L.L.C.*
*StyroChem LP, L.L.C.*
*StyroChem U.S. Ltd. (f/k/a StyroChem, StyroChem U.S., Inc., StyroChem Int'l, StyroChem Int'l, Inc.)*
*WinCup Europe Delaware, Inc.*
*WinCup GP, L.L.C.*
*WinCup Holdings, Inc.*
*WinCup LP, L.L.C.*
*WinCup RE, L.L.C.*
*WinCup Texas, Ltd. (d/b/a StyroChem)*

**Non-Debtor Subsidiaries**
*WinCup Europe (The Netherlands) B.V.*
*WinCup Sp. z.o.o.*
*StyroChem Holdings (The Netherlands) B.V.*
*StyroChem Europe (The Netherlands) B.V.*
*StyroChem Finland Oy*
*StyroChem Canada, Ltd.*

**Current and Former Officers and Directors**
Michael T. Kennedy
R. Radcliffe Hastings
Ann P. Kelly
Paul D. Ridder
Caroline J. Wiliamson, Esq.
Joan O. Rowe
Paul M. Finigan
Michael V. Valenza
Richard S. Hunsinger
Scott Myers
Stan Springel
John P. McKelvey
Donald D. Walker
John P. McNiff
Van D. ("Dick") Groenewold
Donald Rogalski
Jose Feliciano
Vincent Garrity
Thomas Hopkins

**Significant Affiliations of**
**Current Officers and Directors**
Agnes Irwin School
CardioLogics LLP
Chartwell Investment Partners, Inc
Kellogg School of Management Alumni Society
Pennsylvania Academy of Fine Arts
Philadelphia Orchestra
Polystyrene Packaging Council

**Prepetition and Post-Petition Secured Lenders**
Bank of America, N.A.
Special Value Expansion Fund, LLC
Special Value Opportunities Fund, LLC
Tennenbaum Capital Partners, LLC
National City Bank

National City Business Credit, Inc.
Key Bank National Association
Transamerica Occidental Life Insurance Company
Aegon
Bank of Montreal
General Electric Capital Corporation
Nordea Bank Finland Plc
Nordea Bank Leasing
Guggenheim Corporate Funding, LLC
GMAC Commercial Mortgage Corporation
Merrill Lynch Capital
U.S. Trust (formerly Wachovia Bank, National Association")
Silver Point Finance, LLC

**Miscellaneous Secured Creditors**
Pol (NC) QRS 15-25 Inc.
Radnor Properties – SDC, L.P.
National Union Fire Insurance
US Bancorp
De Lage Landen
Caterpillar
Citicorp
Duke Power

**Senior Noteholders**
Arlie Group
Barclays Capital
Deutsche Asset Management
Wachovia Bank, N.A. (Indenture Trustee)

**Shareholders**
Michael T. Kennedy
John P. McNiff
R. Radcliffe Hastings
Special Value Expansion Fund, LLC
Special Value Opportunities Fund, LLC
Katherine Knox Hastings
Vivien Norborne Hastings
D. Van Groenewold
Richard Hunsinger
Thomas A. Jenniges
John P. McKelvey
James Quatmann
Michael V. Valenza
Donald D. Walker
R. David Minerd
Jay Gould
John P. Burrell, Jr.
Donald Rogalski
Caroline J. Williamson

**Significant Competitors**
Dart Container
Pactiv
Solo Cup
Alcoa Packaging
Berry Plastics
NOVA Chemicals, Inc.
Huntsman Chemical Corp.
BASF Corporation

**Parties to Significant Contracts**
Polar Plastics, Inc.
Prairie Packaging, Inc.
Lyondell Chemical Company
Polar Plastics (NC), Inc.
The Dow Chemical Company
Constellation NewEnergy, Inc.
Formosa Plastics Corporation, U.S.A.
Merrill Lynch ,Pierce Fenner & Smith Incorporated
Perseco
HAVI Global Solutions
HAVI Group Limited Partnership

**Utility Providers**
AT&T
Avaya
Cingular Wireless
MCI
T-Mobile
Global Crossing
Global Crossing Confer.
Ft. Worth Water
City of Saginaw
Qwest
City of Tolleson
Metrocall
Sprint
Sprint Data Services
City of West Chicago
Marin Municipal Water
City of El Campo Utilities
Citizens Telephone Co.
Municipal Utilities
Bell South
Jacksonville Electric
Verizon
Middlesex Water Company
Internet Commerce Corp.
Sterling Commerce
Alltel
Town of Mooresville
Telimagine
Village of Mt. Sterling
City of Shreveport
Interstate Telecommunications
Satellink Communications
Dekalb Water and Sewer

**Significant Lessors**
Pol (NC) QRS 15-25 Inc.
National Distribution Agency, Inc.
Radnor Properties -- SDC, L.P.
Aberfeldy II Limited Partnership
JMS Associates, LLC
DCT Blackhawk Center LLC
Keith Knapp
Tom Wegener
K.B. Godley V, L.L.C.
Corte Madera, LLC
JAM Associates I, LP
Shawland, LLC
Centerpoint Properties Trust
Mellon Bank (DE), N.A.
Levsons, LLC
Key Equipment Finance
Fleet Capital Corporation
LaSalle Business Credit, LLC
Fifth Third Bank

**Largest Trade Creditors**
A&G Piping
Brady Services
Bunzl USA
CH Robinson
Clark Container
Debbie's Staffing
Dolphin Cartage
The Dow Chemical Company
Eagle Express
Enbridge Gathering
Excel Transportation
Exelon Energy Inc
Formosa Plastics Corp
Great Lakes Logistics
Heartland Express
Ingersoll-Rand Co.
Integrated Packaging
Kelron Logistic
KHS
Lyondell Chemical Company
M&N Plastics Inc.
National Freight
Nova Chemicals Inc.
Old Dominion Freight Line Inc.
O'Neil Color & Compounding Tn
Pacific Gas & Electric Co./PG&E
Performance Food Group
Plastic Packaging Inc
Polar Plastics
Rennco, Inc.
Richlen Construction
Service Transport
Smurfit Stone Container
South Hampton Resources, Inc.
Suez Energy Resources
Swift Transportation
Tango Transportation
Temple-Inland
Thermoforming Solutions
Total Petrochemicals USA, Inc.
Transco Lines
US Express
Virchow Krause
Waller Logistic
Weyerhaeuser
Woodruff Energy
WS Packaging Group

**Ordinary Course Professionals**
Deutsche, Kerrigan & Stiles LLP
Duane Morris LLP
Guida Slavich & Flores, P.C.
Hemmer Pangburn DeFrank PLLC
Morgan, Lewis & Bockius LLP
Public Affairs Management, LLC
Duane Morris Government Affairs, LLC
Shook, Hardy & Bacon LLP
URS Corporation
Winstead Sechrest & Minick PC:
Woodcock Washburn LLP
KPMG LLP
KPMG Tax LLP
PricewaterhouseCoopers LLP
Kekst and Company Incorporated

**Restructuring Professionals**
Lehman Brothers, Inc.
Alvarez & Marsal
Kurtzman Carson Consultants LLC

**U.S. Trustee's Office - Region 3 - Trial Attorneys**
David L. Buchbinder
William K. Harrington
Margaret Harrison
Mark S. Kenney
Joseph J. McMahon, Jr.
Richard A. Schepacarter
Andrew R. Vara

**Bankruptcy Judges (Delaware)**
Mary F. Walrath
Kevin J. Carey
Judith K. Fitzgerald
Kevin Gross
Brendan L. Shannon
Christopher S. Sontchi
Peter J. Walsh

**District Court Judges (Delaware)**
Joseph J. Farnan, Jr.
Kent A. Jordan
Joseph J. Longobardi
Sue L. Robinson
Murray M. Schwartz
Gregory M. Sleet]

**Insurance Brokers/Administrators**
Aon Risk Services
COBRASource

**Insurers**
FM Global
Great American Assurance Company
Tapiola
CNA
American Home Assurance Company
Insurance Company of the State of Pennsylvania
Federal Insurance Company
ACE American Insurance Company
National Union Fire Insurance Company of
Pittsburgh, PA
Quanta Specialty Lines Insurance Company
Reliance Standard Life Insurance Company

-3-

**Committee Members**

U.S. Bank, N.A.
Airlie Group
Barclays Bank PLC
Peritus I Asset Management LLC
Total Petrochemicals USA, Inc.
Lyondell Chemical Company; and
Polar Plastics, Inc.

**ATTACHMENT B**
**(Client Match List)**

**Greenberg Traurig, LLP's Disclosure of Connections with Potentially Interested Parties**[1]

The following names were compared to Greenberg Traurig's Client Database. As noted below, Greenberg Traurig has represented or currently represents certain of the Potentially Interested Parties, including various persons or entities that may be related to or affiliated with the Potentially Interested Parties, in matters unrelated to the Debtors and these Cases.

**Lenders**

| | |
|---|---|
| AEGON | Greenberg Traurig has represented in the past, AEGON, in matters unrelated to the Debtors or these Cases. |
| Bank of America, N.A. | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Bank of America, Bank of America, N.A., Bank of America National Trust and Savings Association, Bank of America NT&SA, Bank of America Commercial Financing, Banc of America Securities LLC, Bank of America Private Bank, Bank of America Mortgage Corp, Bank of America CDC, Bank of America Auto Group, Bank of America Arizona, Bank of America, N.A. – Real Estate Banking Group, Bank of America Community Development Corp., Bank of America FSB, Bank of America Illinois, Bank of America Business Capital, Banc of America Leasing & Capital, LLC, Banc of America Investment Services, Inc., Bank of America/New Jersey, Bank of America (Massachusetts), and Bank of America New York, in matters unrelated to the Debtors or these Cases. |
| Bank of Montreal | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Bank of Montreal and Bank of Montreal (London) in matters unrelated to the Debtors or these Cases. |

---

[1]    For ease of reference, the Potentially Interested Parties are listed in various categories in this Attachment. It should be noted, however, that the relationship or affiliation reflected herein has not been conclusively determined by Greenberg Traurig or the Committee.

| General Electric Capital Corporation | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, GE American Communications, Inc., GE Capital Commercial Services, GE Capital Corporation, GE Capital Mortgage Services, Inc., GE Capital Public Finance, Inc., GE Capital Railcar Services, GE Capital Realty Group, Inc., GE Capital Services Structured Finance Group, Inc., GE Commercial Distribution Finance Corporation, GE Energy f/k/a GE Power Systems, GE Healthcare, GE Industrial Systems, GE Insurance Solutions, GE Investments Corporation, GE Management Group, Inc., GE Money Bank, GE Plastics, GE Power Systems. GE Real Estate – Resort Finance, GE Transportation Systems, General Electric Capital Corporation, GE Capital Assurance Company, GE Capital Transport Int'l Pool, GE Commercial Finance, General Electric Capital Corporation, as Agent, GECC, General Electric Aircraft Engines, General Electric Capital Corporation, General Electric Capital Realty Group, Inc., General Electric Company, General Electric Corporate Financial Services, General Electric Credit Corp., and General Electric Railcar Services Corporation, in matters unrelated to the Debtors or these Cases. |
|---|---|
| GMAC Commercial Mortgage Corporation | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, General Motors Acceptance Corporation, GMAC Commercial Credit LLC, GMAC Business Credit, LLC, GMAC Commercial Mortgage Corporation, GMAC RFC Health Capital, GMAC, GMAC Commercial Holding Capital Corporation, GAC Commercial Mortgage, GMAC Mortgage Corporation – Home Connects, GMAC – Residential Funding Corporation, GMAC Mortgage Corporation, GMAC Commercial Holding Capital Corporation – Denver, GMAC Commercial Finance, and GMAC Commercial Credit LLC, in matters unrelated to the Debtors or these Cases. |
| Guggenheim Corporate Funding LLC | Greenberg Traurig currently represents Guggenheim Corporation Funding in matters |

| | unrelated to the Debtors or these Cases. |
|---|---|
| Key Bank National Association | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, KeyBank National Association, Key Bank, KeyBank # Amcast, KeyCorp/Key Bank USA, and Key Real Estate Equity Capital, Inc. in matters unrelated to the Debtors or these Cases. |
| Merrill Lynch Capital | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Merrill Lynch, Pierce, Fenner & Smith, Inc., Merrill Lynch Capital Markets, Merrill Lynch & Co., Merrill Lynch Trust Company (Florida), Merrill Lynch, Merrill Lynch Family Office, Merrill Lynch Credit Corp., Merrill Lynch Business Financial Services, Merrill Lynch Commercial Finance Corporation, Merrill Lynch Mortgage Lending, Inc., Merrill Lynch – Third Party Processing, and Merrill Lynch Capital Corporation, in matters unrelated to the Debtors or these Cases. |
| Transamerica Occidental Life Insurance Company | Greenberg Traurig has represented in the past Transamerica Insurance Company, Transamerica Life Ins. and Annuity, Transamerica Finance Corporation, and Transamerica Financial Advisors, Inc., in matters unrelated to the Debtors or these Cases. |

**Creditors**

| Bunzl USA | Greenberg Traurig has represented in the past, Bunzl USA, Inc. in matters unrelated to the Debtors or these Cases. |
|---|---|
| Caterpillar | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Caterpillar Financial Services Corp., Caterpillar, and Solar Turbines, Inc., a wholly owned subsidiary of Caterpillar, Inc., in matters unrelated to the Debtors or these Cases. |
| Citicorp | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Citicorp Investment Bank, Citicorp |

3

| | |
|---|---|
| | Homeowners Services, Inc., Citicorp North America, Citicorp Mortgage, Citicorp Real Estate, Inc., Citicorp Savings of Illinois, Citicorp Consumer Bank, Citicorp Securities Markets, Inc., Citicorp Real Estate, Inc. (Illinois), Citicorp Trust, N.A., Citicorp Del-Lease, Inc., Citicorp Credit Services, Inc., Citicorp Mortgage, Inc., Citicorp Leasing, Inc., Citicorp USA, Inc., Citicorp Investment Services, Citicorp Diners Club, Inc., Citifinancial, Citibank USA, N.A., The Citigroup Private Bank, Citigroup, Inc., and Citibank (South Dakota), N.A., in matters unrelated to the Debtors or these Cases. |
| The Dow Chemical Company | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Dow Corning Corporation, Dow Agrosciences, Inc., and The Dow Chemical Company, Inc., in matters unrelated to the Debtors or these Cases. |
| Duke Power | Greenberg Traurig has represented in the past, Duke Power Corporation in matters unrelated to the Debtors or these Cases. |
| De Lage Landen | Greenberg Traurig currently represents AGCO Finance LLC, an affiliate of De Lage Landen, in matters unrelated to the Debtors or these Cases. |
| Exelon Energy Inc. | Greenberg Traurig currently represents Exelon Corporation in a matter unrelated to the Debtors or these Cases. |
| Ingersoll-Rand Co. | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Ingersoll Rand Company and Ingersoll GMBH, Inc. in matters unrelated to the Debtors or these Cases. |
| Lyondell Chemical Company | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Lyondell Chemical Company in matters unrelated to the Debtors or these Cases. |
| National Union Fire Insurance | Greenberg Traurig has represented in the past, National Union Fire Ins. Co. of Pittsburgh, PA in matters unrelated to the Debtors or these Cases. |

| | |
|---|---|
| Nova Chemical, Inc. | Greenberg Traurig has represented in the past, Nova Corporation, Nova Metal Products Incorporated, The Nova Group Inc., and Nova Acquisition, LLC, which may be affiliates of or related to Nova Chemical, Inc., in matters unrelated to the Debtors or these Cases. |
| Pacific Gas & Electric Co. | Greenberg Traurig currently represents Pacific Gas and Electric Company in a matter unrelated to the Debtors or these Cases. |
| PG&E | Greenberg Traurig has represented in the past, PG&E Energy Trading in matters unrelated to the Debtors or these Cases. |
| Smurfit-Stone Container | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Smurfit-Stone and Smurfit-Stone Container Corporation in matters unrelated to the Debtors or these Cases. |
| Swift Transportation | Greenberg Traurig currently represents Swift Transportation Corporation in a matter unrelated to the Debtors or these Cases. |
| Tango Transport | Greenberg Traurig has represented in the past, Tango Import Inc., which may be an affiliate of or related to Tango Transport, in matters unrelated to the Debtors or these Cases. |
| Temple-Inland | Greenberg Traurig has represented in the past, Temple-Inland Forest Products in matters unrelated to the Debtors or these Cases. |
| Total Petrochemicals USA, Inc. | Greenberg Traurig currently represents and likely will represent in the future, Total Petrochemicals USA, Inc. in matters unrelated to the Debtors or these Cases. |
| US Bancorp | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, U.S. Bancorp Piper Jaffray, Lyon Financial Services, Inc. dba U.S. Bancorp Business Equipment Finance Group, and Piper Jaffray Inc./Bonds in matters unrelated to the Debtors or these Cases. |
| U.S. Bank, N.A. | Greenberg Traurig currently represents, has |

|  | represented in the past and likely will represent in the future, US Bank, N.A., US Bank, National Association, U.S. Bank Trust National Association, and US Bank Trust, NA in matters unrelated to the Debtors or these Cases. |
|---|---|
| Weyerhauser | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Weyerhauser Mortgage Co. and Weyerhauser Company, Inc. in matters unrelated to the Debtors or these Cases. |

## Investors

| Lehman Brothers | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Lehman Brothers Kuhn Loeb, Inc., Lehman Brothers-Foley, Lehman Brothers, Inc., Shearson Lehman Brothers, Lehman Bros. Real Estate Partners, Lehman Holdings, Inc., Lehman Brothers Holders, Inc., Lehman Brothers, Lehman Brothers Latin America, Lehman Brothers Commodity Services, Inc., and Lehman, Finance America, LLC, a wholly owned operating subsidiary of Lehman Brothers Bank, FSB, in matters unrelated to the Debtors or these Cases. |
|---|---|
| Silverpoint Capital | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Silverpoint Finance, LLC and Silver Point Capital Fund L.P. in matters unrelated to the Debtors or these Cases. |

## Bondholders

| US Trust | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, U.S. Trust Corporation and United States Trust Company of New York, U.S. Trust Company of Florida Savings Bank, US Trust Company of New York, and United States Trust Company, in matters unrelated to the Debtors or these Cases. |
|---|---|

**Shareholders**

| Ann Kelly | Greenberg Traurig has represented in the past, Ann Kelly, who may be the same individual as Ann Kelly, a shareholder of the Debtors, in matters unrelated to the Debtors or these Cases. |
|---|---|
| Bessemer Trust Company of Delaware | Greenberg Traurig has represented in the past, Bessemer Trust Company of Florida and Bessemer Trust Company, N.A. in matters unrelated to the Debtors or these Cases. |
| Christiana Bank & Trust | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Christiana Bank, Christiana Bank & Trust Company, and Christiana Corporate Services, Inc. in matters unrelated to the Debtors or these Cases. |
| Donald Wood | Greenberg Traurig has represented in the past, Donald Wood, who may be the same individual as Donald Wood, a shareholder of the Debtors, in matters unrelated to the Debtors or these Cases. |
| J. Donald Hamilton | Greenberg Traurig has represented in the past, Jeff Hamilton and John Hamilton, who may be the same individual as J. Donald Hamilton, a shareholder of the Debtors, in matters unrelated to the Debtors or these Cases. |

**Directors and Officers**

| Thomas Hopkins | Greenberg Traurig currently represents Thomas Hopkins, who may be the same individual as Thomas Hopkins, an officer of the Debtors, in matters unrelated to the Debtors or these Cases. |
|---|---|

**Significant Affiliations of Current Officers and Directors**

| Chartwell Investment Partners, Inc. | Greenberg Traurig has represented in the past and may will represent in the future, Chartwell Re Corporation, Chartwell Investors and Chartwell Capital Investors, L.P., all of which may be affiliates of or related to Chartwell Investment Partners, Inc., in matters unrelated to the Debtors or these Cases. |
|---|---|

| | |
|---|---|
| Philadelphia Orchestra | Greenberg Traurig has represented in the past, Philadelphia Orchestra in matters unrelated to the Debtors or these Cases. |

## Professionals of the Debtors

| | |
|---|---|
| Alvarez & Marsal | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Alvarez and Marsal and Alvarez & Marsal Europe, Ltd. in matters unrelated to the Debtors or these Cases. |
| Jefferies & Company | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Jefferies & Company, Inc. in matters unrelated to the Debtors or these Cases. |

## Professionals of Parties Involved in Debtors' Chapter 11 Cases

| | |
|---|---|
| Kirkland & Ellis LLP | Greenberg Traurig has represented in the past, Kirkland & Ellis LLP in matters unrelated to the Debtors or these Cases. |
| KPMG LLP | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, KPMG International, KPMG Treuhand & Goerderler GMBH Technically, KPMG, LLP as Receiver, KPMG, LLP/Canada, KPMG, LLP, and KPMG, in matters unrelated to the Debtors or these Cases. |

## Lessors

| | |
|---|---|
| Centerpoint Properties Trust | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Centerpoint, LLC and Centerpoint Properties Trust in matters unrelated to the Debtors or these Cases. |
| Fifth Third Bank | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Fifth Third Bank in matters unrelated to the Debtors or these Cases. |
| Fleet Capital Corporation | Greenberg Traurig currently represents, has represented in the past, and likely will represent |

| | |
|---|---|
| | in the future, Fleet Securities, Inc., Fleet Management & Recovery Corp., Fleet Bank – NH, Fleet Financial Group, Fleet Credit Card Services, Fleet Securities, Inc., Fleet Boston, Fleet National Bank, Fleet Boston Financial, Fleet Business Credit, LLC, and Fleet Mortgage Corp., in matters unrelated to the Debtors or these Cases. |
| Key Equipment Finance | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Key Equipment Finance in matters unrelated to the Debtors or these Cases. |
| LaSalle Business Credit, LLC | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, LaSalle National Bank, LaSalle National Bank (Florida), LaSalle Ventures One Ltd., LasSalle Business Credit, Inc., LaSalle Bank, N.A., as Trustee for Lend Lease Asset Management, L.P., LaSalle Bank, N.A., LaSalle Hotel Properties, LaSalle Bank National Association, and LaSalle Capital Group in matters unrelated to the Debtors or these Cases. |
| Mellon Bank (DE) NA | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Mellon National Bank, Mellon Bank, N.A., Mellon Bank (East) National Association, Mellon Financial Services Corporation No. 9, Mellon Mortgage Company, Mellon Private Asset Management, Mellon United National Bank, Mellon United National Bank Loans, Mellon Trust of Florida, Mellon Private Trust Company, Mellon Financial Corporation, Mellon Global Securities Service, and Mellon Private Trust Co., N.A., in matters unrelated to the Debtors or these Cases. |

## Insurers of the Debtors

| | |
|---|---|
| ACE American Insurance Company | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, A.C.E. Insurance Company, Ltd., ACE USA International, ACE Westchester Specialty Claims, and ACE/USA Insurance Company, in matters unrelated to the Debtors or these Cases. |

| | |
|---|---|
| Federal Insurance Company | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Federal Insurance Group, Inc., Federal Insurance Company, and Federal Home Life Insurance Company, in matters unrelated to the Debtors or these Cases. |
| Reliance Standard Life Insurance Company | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Reliance Insurance Company, in Rehabilitation, Reliance Insurance Company, and Reliance Group Holdings, Inc., in matters unrelated to the Debtors or these Cases. |

**Ordinary Course Professionals**

| | |
|---|---|
| KPMG Tax LLP | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, KPMG International, KPMG Treuhand & Goerderler GMBH Technically, KPMG, LLP as Receiver, KPMG, LLP/Canada, KPMG, LLP, and KPMG, in matters unrelated to the Debtors or these Cases. |
| Morgan, Lewis & Bockius, LLP | Greenberg Traurig has represented in the past, Morgan, Lewis & Bockius, LLP in matters unrelated to the Debtors or these Cases. |
| PricewaterhouseCoopers LLP | Greenberg Traurig currently represents, has represented in the past and likely will represent in the future, PriceWaterhouseCoopers LLP and several of its foreign affiliates, PriceWaterhouseCoopers Accountants N.V., PriceWaterhouseCoopers AG, PriceWaterhouseCoopers GMBH WPG and PriceWaterhouseCoopers Belastingadviseur, in matters unrelated to the Debtors or these Cases. |
| Shook, Hardy & Bacon LLP | Greenberg Traurig has represented in the past, Shook, Hardy & Bacon LLP in matters unrelated to the Debtors or these Cases. |
| URS Corporation | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, URS Corporation in matters unrelated to the Debtors or these Cases. |

**Senior Noteholders**

| | |
|---|---|
| Barclays Capital | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Barclays Capital in matters unrelated to the Debtors or these Cases.  In addition, Greenberg Traurig currently represents, has represented in the past and likely will represent in the future, Barclays, Barclays Global Investors, N.A., Barclays Bank PLC, Barclays Bank, PLC (West Indies), The Barclay Group, Barclays Commercial Corporation, Barclays Bank, PLC (New York), Barclays Bank Hong Kong, Barclays Private Bank Limited N.Y., Barclay Partners LLC, Barclays Capital Inc., and CHC-Barclays, LLC, all of which may be affiliates of or related to Barclays Capital, in matters unrelated to the Debtors or these Cases. |
| Deutsche Asset Management | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Deutsche Asset Management in matters unrelated to the Debtors or these Cases. In addition, Greenberg Traurig currently represents, has represented in the past and likely will represent in the future,  Deutsche Credit Corp., Deutsche Bank, A.G., Deutsche Bank AG, New York Branch, Deutsche Financial Services, Deutsche Bank, Deutsche Bank Trust Company Americas, Deutsche Bank/German American Capital Corp., Deutsche Bank Agency CMOS, Deutsche Bank Securities, Deutsche Bank National Trust Company, and Deutsche Bank Securities Inc., all of which may be affiliates of or related to Deutsche Asset Management, in matters unrelated to the Debtors or these Cases. |
| Wachovia Bank, N.A. (Indenture Trustee) | Greenberg Traurig currently represents, has represented in the past and likely will represent in the future, Wachovia Bank, N.A. in matters unrelated to the Debtors or these Cases.  In addition, Greenberg Traurig currently represents, has represented in the past and likely will represent in the future, Wachovia, Wachovia Bank Card Services, Wachovia Bank, N.A. Atlanta, Wachovia Corporation, Wachovia |

| | Mortgage Co., Wachovia Securities and Wachovia Wealth Management, all of which may be affiliates of or related to Wachovia Bank, N.A., in matters unrelated to the Debtors or these Cases. |
|---|---|

## **Significant Competitiors**

| | |
|---|---|
| Alcoa Packaging | Greenberg Traurig currently represents, has represented in the past and likely will represent in the future, Alcoa Packaging and Alcoa Packaging Equipment Division in matters unrelated to the Debtors or these cases.  In addition, Greenberg Traurig currently represents, has represented in the past and likely will represent in the future, Alcoa Corporation and certain related foreign and domestic entities, which may be affiliates of or related to Alcoa Packaging, in matters unrelated to the Debtors or these Cases. |
| Pactiv | Greenberg Traurig has represented in the past, Pactiv Corporation, which may be an affiliate of or related to Pactiv, in matters unrelated to the Debtors or these Cases. |

## **Utility Providers**

| | |
|---|---|
| AT&T | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, AT&T in matters unrelated to the Debtors or these Cases.  In addition, Greenberg Traurig currently represents, has represented in the past and likely will represent in the future, AT&T Wireless Services, AT&T Universal Card Services, AT&T -TGC, AT&T -TGC South Florida, AT&T Broadband, LLC, AT&T Broadband Phone of Florida, LLC, AT&T Corp., all of which may be affiliates of or related to AT&T, in matters unrelated to the Debtors or these Cases. |
| Avaya | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Avaya Communication and Avaya Inc. in matters unrelated to the Debtors or these Cases. |

12

| | |
|---|---|
| Cingular Wireless | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Cingular Wireless, LLC and Cingular Wireless in matters unrelated to the Debtors or these Cases. |
| Citizens Telephone Co. | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Citizens Telephone Cooperative and Citizens Telephone Company, Inc., both of which may be affiliates of or related to Citizens Telephone Co., in matters unrelated to the Debtors or these Cases. |
| Internet Commerce Corp. | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future Internet Commerce Systems, which may be an affiliate of or related to Internet Commerce Corp, in matters unrelated to the Debtors or these Cases. |
| MCI | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, MCI Telecommunications Corporation, MCI Constructors, LLC, MCI Financial Services, Inc., MCI Sales and Service, Inc., and MCI Communications Corp., in matters unrelated to the Debtors or these Cases. |
| Verizon | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Verizon in matters unrelated to the Debtors or these Cases.  In addition, Greenberg Traurig currently represents, has represented in the past and likely will represent in the future, Verizon Communications Inc., Verizon Wireless, Verizon New York, Inc., Verizon Wireless Personal Communications, Verizon Business, Verizon Capital Corporation, Verizon North Inc., Verizon Directories, Verizon Information Services, Verizon Internet Services North, Inc., Verizon Internet Services, Inc., Verizon Global Solutions, Inc., Verizon Florida Inc., and Verizon Yellow Pages Company, all of which may be affiliates of or related to Verizon, in matters unrelated to the Debtors or these Cases. |

**Insurance Brokers/Administrators of the Debtors**

| Aon Risk Services | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Aon Risk Services, Inc. of Florida, Aon Risk Services, Aon Service Corporation, Aon Corporation, and Aon Risk Services, Inc. of Arkansas, in matters unrelated to the Debtors or these Cases. |
|---|---|

**Parties to Significant Contracts with the Debtors**

| Merrill Lynch Pierce Fenner & Smith Inc. | Greenberg Traurig currently represents, has represented in the past, and likely will represent in the future, Merrill Lynch, Pierce, Fenner & Smith, Inc., Merrill Lynch Capital Markets, Merrill Lynch & Co., Merrill Lynch Trust Company (Florida), Merrill Lynch, Merrill Lynch Family Office, Merrill Lynch Credit Corp., Merrill Lynch Business Financial Services, Merrill Lynch Commercial Finance Corporation, Merrill Lynch Mortgage Lending, Inc., Merrill Lynch – Third Party Processing, and Merrill Lynch Capital Corporation, in matters unrelated to the Debtors or these Cases. |
|---|---|

14

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RADNOR HOLDINGS CORPORATION, *et al.*, | Case No. 06-10894 (PJW) |
| Debtors. | |

## ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF GREENBERG TRAURIG, LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *NUNC PRO TUNC* AS OF AUGUST 30, 2006

Upon the application (the "Application")[1] of the Official Committee of Unsecured Creditors (the "Committee") in the Chapter 11 cases (the "Cases") of Radnor Holdings Corporation, *et al.* (collectively, the "Debtors") for entry of an Order, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b), authorizing the retention and employment of Greenberg Traurig, LLP as counsel for the Committee, *nunc pro tunc* as of August 30, 2006; and upon reviewing and considering the Counihan Affidavit and the Application; and it appearing that the Court has jurisdiction over the Application pursuant to 28 U.S.C. § 157(b)(2)(A); and due and adequate notice of the Application having been given; and it appearing that no other or further notice need be given; and this Court having determined that based upon the representations in the Application and the Counihan Affidavit, Greenberg Traurig represents no interest adverse to the Debtors' estates or their creditors with respect to the matters upon which they are to be engaged, Greenberg Traurig is a disinterested person as that term is defined under section 101(14) of the Bankruptcy Code, and Greenberg Traurig's employment is

---

[1]    All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

in the best interests of the Debtors' estates and creditors; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Application shall be, and hereby is, granted and approved in all respects.

2.      The Committee is authorized to retain Greenberg Traurig as its counsel, pursuant to Sections 328(a) and 1103(a) of the Bankruptcy Code, *nunc pro tunc* as of August 30, 2006, to perform the services set forth in the Application.

3.      Greenberg Traurig shall be compensated in accordance with sections 328, 330 and 331 of the Bankruptcy Code, any applicable Bankruptcy Rules, and any orders of this Court.

4.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Date: _____, 2006

_____
The Honorable Peter J. Walsh
United States Bankruptcy Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Civil Action No. 06-782 (***) |
| | ) | |
| RADNOR HOLDINGS | ) | |
| CORPORATION, *et al.*, | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | Case No. 06-10894 (PJW) |
| | ) | Jointly Administered |
| The Official Committee Of Unsecured | ) | |
| Creditors, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Tennenbaum Capital Partners, LLC, | ) | |
| *et al.*, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

## AFFIDAVIT OF SERVICE

| | | |
|---|---|---|
| STATE OF DELAWARE | : | |
| | : SS. | |
| NEW CASTLE COUNTY | : | |

Waverley L. Dewdney, being duly sworn according to law, deposes and says that she is employed as a Legal Assistant for the law firm of Richards, Layton & Finger, P.A., and that on the 23rd day of January, 2007 she caused a copy of the following to be served on the attached list as indicated:

**OPPOSITION OF APPELLEES TR ACQUISITION CO. INC., TENNENBAUM CAPITAL PARTNERS, LLC, SPECIAL VALUE EXPANSION FUND, LLC, SPECIAL VALUE OPPORTUNITIES FUND, LLC AND JOSE E. FELICIANO TO MOTION OF APPELLANTS OFFICIAL COMMITTEE OF**

UNSECURED    CREDITORS    FOR    ORDER
EXPEDITING APPEAL OF CERTAIN ISSUES

Waverley L. Dewdney
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE  19899
(302) 651-7700


Sworn to and subscribed before me this 23rd day of January, 2007.


Notary Public

JOAN M. WEBB
Notary Public - State of Delaware
My Commission Expires April 30, 2008

**SERVICE LIST**

**Via First Class Mail**
Radnor Holdings Corporation
<u>Attention</u>: Carrie Williamson
Radnor Financial Center
150 Radnor Chester Road
Building A, Suite 300
Radnor, PA  19087

**Via Hand Delivery**
Gregg M. Galardi, Esq.
Skadden, Arps, Slate, Meagher &
Flom LLP
One Rodney Square
Wilmington, DE  19801

**Via First Class Mail**
Timothy R. Pohl, Esq.
Skadden, Arps, Slate, Meagher &
Flom LLP
333 West Wacker Drive
Chicago, IL  60606

**Via First Class Mail**
Nancy A. Peterman, Esq.
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 2500
Chicago, IL  60601

**Via Hand Delivery**
Donald J. Detweiler, Esq.
Greenberg Traurig, LLP
1007 North Orange Street,
Suite 1200
Wilmington, DE  19801

**Via Hand Delivery**
Laura Davis Jones, Esq.
Pachulski Stang Ziehl Young Jones
& Weintraub
919 North Market Street, 17th Floor
Wilmington, DE  19801

**Via First Class Mail**
Kirkland & Ellis LLP
200 East Randloph Drive
Chicago, IL  60601-6636
<u>Attention</u>: Anup Sathy, Esq.

**Via First Class Mail**
Paula A. Schmeck, Esq.
Thorp, Reed & Armstrong, LLP
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA  15219

**Via Hand Delivery**
William P. Bowden, Esq.
Ashby & Geddes
222 Delaware Avenue
Wilmington, DE  19801

**Via First Class Mail**
Clifton R. Jessup, Jr.
Bruce H. White
Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201