IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - x
THE OFFICIAL COMMITTEE OF      :
UNSECURED CREDITORS,           :
                               :
            APPELLANT,         :      Case No. 06-782 (___)
                               :
    v.                         :
                               :
RADNOR HOLDINGS                :
CORPORATION, ET AL.,           :
                               :
            APPELLEES.         :
- - - - - - - - - - - - - - x
                               :
In re:                         :      Chapter 11
                               :
RADNOR HOLDINGS                :      Case No. 06-10894 (PJW)
CORPORATION, et al.,           :
                               :      Jointly Administered
            Debtors.           :
                               :
- - - - - - - - - - - - - - x

### DEBTORS' MOTION FOR LEAVE OF REQUIREMENTS OF DISTRICT COURT STANDING ORDER DATED JULY 23, 2004 REQUIRING DEBTORS' MANDATORY PARTICIPATION IN MEDIATION PROCEEDINGS ON APPEAL

The debtors and debtors in possession in the
above-captioned jointly administered bankruptcy cases
(the "Bankruptcy Cases") and appellees in the above-
captioned appeal before this Court (collectively, the

"Debtors" or the "Appellees"),[1] by and through their undersigned attorneys, respectfully move (the "Motion") for entry of an order, granting the parties to the above-captioned appeal relief from the Order Regarding Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District (the "Bankruptcy Court"), dated July 23, 2004 (the "Mediation Order"). In support of the Motion, the Appellants state as follows:

**BACKGROUND**

1.    On August 21, 2006 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

---

[1]    The Debtors are the following entities: Radnor Holdings Corporation ("Radnor"), Benchmark Holdings, Inc., Radnor Asset Management, Inc., Radnor Chemical Corporation, Radnor Delaware II, Inc., Radnor Investments II, Inc., Radnor Investments III, Inc., Radnor Investments, Inc., Radnor Investments, L.L.C., Radnor Management Delaware, Inc., Radnor Management, Inc., StyroChem Delaware, Inc., StyroChem Europe Delaware, Inc., StyroChem GP, L.L.C., StyroChem LP, L.L.C., StyroChem U.S. Ltd., WinCup Europe Delaware, Inc., WinCup GP, L.L.C., WinCup Holdings, Inc., WinCup LP, L.L.C., WinCup RE, L.L.C., and WinCup Texas, Ltd.

2.    On August 31, 2006, the United States
Trustee for the District of Delaware appointed the
Official Committee of Unsecured Creditors (the
"Committee" or the "Appellant") in the Bankruptcy Cases
pursuant to Bankruptcy Code section 1102.

3.    On October 30, 2006, following a hearing
held on October 27, 2006 (the "Hearing"), the Bankruptcy
Court entered an order (the "Committee Standing Order")
granting the Appellant standing to pursue certain causes
of action against certain entities or individuals
associated with the Purchaser, including but not limited
to an objection to the claims asserted by certain of
such entities or individuals against certain of the
Debtors.  On November 3, 2006, the Debtors timely filed
their notice of appeal of the Committee Standing Order
(Bankr. D.I. 570) (the "Standing Appeal").  The Standing
Appeal remains pending before this Court.

4.    After entry of the Standing Order, on
October 31, 2006, the Committee filed its Complaint
against Tennenbaum Capital Partners, LLC, Special Value
Expansion Fund, LLC, Special Value Opportunities Fund,

3

LLC and Jose E. Feliciano (the "Complaint"), thereby
instituting adversary proceeding number 06-50909 in the
Bankruptcy Court (the "Adversary Proceeding").

      5.  On November 2, 2006, the Committee
commenced a trial (the "Tennenbaum Claims Trial") with
respect to the Complaint.  Following a trial extending
over seven days, the Court entered the Judgment in Favor
of Defendants on All Counts (Bankr. Adv. D.I. 38) (the
"Judgment") and the Amended Findings of Fact and
Conclusions of Law (Bankr. Adv. D.I. 41) (the "Findings
and Conclusions"), ruling against the Committee on all
counts prosecuted by the Committee in the Tennenbaum
Claims Trial.  On November 20, 2006, the Committee filed
its notice of appeal with respect to the Judgment and
the Findings and Conclusions (Bankr. Adv. D.I. 42) (the
"Tennenbaum Judgment Appeal").  As of the date of this
Motion, the Tennenbaum Judgment Appeal remains pending
before this Court.

      6.  Pursuant to bidding procedures approved
by the Bankruptcy Court, the Debtors conducted a sale
process that culminated in an auction on November 20,

2006, and a sale hearing (the "Sale Hearing") on November 21, 2006. Following the Sale Hearing, also on November 21, 2006, the Court entered an order (Docket No. 698) (the "Sale Order") approving the sale (the "Sale") of substantially all of the Debtors' assets to TR Acquisition Co., LLC and/or its assignees (the "Purchaser"). On December 1, 2006, the Committee filed its notice of appeal with respect to the Sale Order (Bankr. D.I. 731) (the "Sale Order Appeal" and with the Standing Appeal and the Tennenbaum Judgment Appeal, collectively, the "Appeals"). The Sale closed on November 29, 2006 (the "Closing Date").

　　　　7.    On or about December 21, 2006, the Clerk of the District Court issued its Notice of Docketing (District Court Docket No. 4) referring the Sale Order Appeal to mediation in accordance with the Mediation Order. Accordingly, the Sale Order Appeal is currently before this Court and remains subject to the Mediation Order.

**RELIEF REQUESTED**

8.    By this Motion, the Debtors seek relief from the Mediation Order on the grounds that mediation would serve no useful purpose in this instance. Specifically, there is no dispute for a mediator to resolve because the only issues on appeal are the legal issues set forth in the statement of issues on appeal filed by the Committee and/or the Purchaser. Such issues must be determined by this Court and cannot be resolved through mediation.

9.    Additionally, as the Debtors have noted on numerous occasions in the Bankruptcy Cases, the Debtors' estates are bordering on administrative insolvency due in large part to the fees and expenses of professionals retained by the Committee and/or in connection with the Adversary Proceeding.[2]  The mediation

---

[2]  The Debtors have objected to certain of these fees and expenses to date and such fees and expenses have not to date been allowed by the Bankruptcy Court.  To the extent that such fees are allowed in full as administrative expense claims under Bankruptcy Code section 503, however, the Debtors will have insufficient assets to pay such claims.

required by the Mediation Order would cause the Debtors and their estates to incur additional expenses as both its professionals and the professionals retained by the Committee worked to (i) draft position papers for any mediator and (ii) prepare for and attend the required mediation session(s). Moreover, the Debtors and their estates would be compelled to pay for the services of the mediator.

10. Accordingly, in order to minimize any additional, unnecessary administrative expenses incurred in the Bankruptcy Cases and in this appeal, the Appellees respectfully request that this Court waive compliance with the Mediation Order.

### BASIS FOR RELIEF

11. The Appellees believe that mediation is neither appropriate nor necessary because the appeal involves only the legal issues of whether the Bankruptcy erred in approving the sale to the Purchaser and the various provisions of the asset purchase agreement between the Debtors and the Purchaser.

12.   Bankruptcy Rule 8019 provides that this Court may suspend the requirements or the provisions of the Bankruptcy Rules governing appeals of orders of bankruptcy courts and may order other proceedings in accordance with this Court's direction "in the interest of expediting decision or for other cause." Fed. R. Bankr. P. 8019.

13.   In this instance, cause exists to grant the relief requested herein.  Specifically, the Debtors' estates are bordering on administrative insolvency.  The Debtors do not believe that their estates and creditors should be compelled to bear the additional unnecessary administrative expense and delay that any mediation would entail.  Moreover, as set forth above, given the legal issues on appeal in the Sale Order Appeal, such mediation would not be appropriate.

14.   In addition, granting the requested relief from the Mediation Order would greatly expedite the Court's decision in the Appeals, collectively.  For this reason as well, granting the relief requested herein is appropriate under Bankruptcy Rule 8019.

WHEREFORE, the Appellees respectfully request that the Court enter an order (i) granting the parties to the Sale Order Appeal relief from the Mediation Order, (ii) authorizing the Appeals to proceed before this Court without mediation, and (iii) granting the Appellees such further relief as is just and proper.

Dated:    Wilmington, Delaware
          February 12, 2007


Gregg M. Galardi (I.D. No. 2991)
Mark L. Desgrosseilliers (I.D. No. 4083)
Matthew P. Ward (I.D. No. 4471)
Sarah E. Pierce (I.D. No. 4648)
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

and

Edward J. Meehan
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
1440 New York Avenue
Washington, DC  20005-2111
(202) 371-7000

Counsel for the Appellees, Debtors
    and Debtors-in-Possession

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - x
THE OFFICIAL COMMITTEE OF      :
UNSECURED CREDITORS,           :
                               :
            Appellant,         :      Case No. 06-782 (___)
                               :
     v.                        :
                               :
RADNOR HOLDINGS                :
CORPORATION, <u>et</u> <u>al</u>.,          :
                               :
            Appellees.         :
- - - - - - - - - - - - - - x
                               :
In re:                         :      Chapter 11
                               :
RADNOR HOLDINGS                :      Case No. 06-10894 (PJW)
CORPORATION, <u>et</u> <u>al</u>.,          :
                               :      Jointly Administered
            Debtors.           :
                               :
- - - - - - - - - - - - - - x

**ORDER GRANTING LEAVE OF REQUIREMENTS OF DISTRICT COURT STANDING ORDER DATED JULY 23, 2004 REQUIRING DEBTORS' MANDATORY PARTICIPATION IN MEDIATION PROCEEDINGS ON APPEAL**

Upon the Debtors' Motion for Leave of Requirements of District Court Standing Order Dated July 23, 2004 Requiring Debtors' Mandatory Participation in Mediation Proceedings on Appeal (the "Motion")[1] filed in the above-captioned appeal; and this Court having fully

---

[1]    Each capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Motion.

considered the record before it; and proper and adequate notice of the Motion and any hearing thereon having been given; and no other or further notice being necessary; and upon the record herein; and after due deliberation thereon; it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    The parties are hereby granted relief from the Order Regarding Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District, dated July 23, 2004 (the "Mediation Order").

3.    The above-captioned appeal shall proceed before this Court without mediation, provided, however, that this Order shall not affect or be deemed to constitute a ruling on any of the parties' substantive arguments with respect to the appeal.

       4.   This Court shall retain jurisdiction to hear and determine all matters arising from the interpretation or implementation of this Order.

Dated:    Wilmington, Delaware
            _____ \_\_\_, 2007


_____
United States District Judge

484129.01-Wilmington Server 1A - MSW

## CERTIFICATE OF SERVICE

I, Mark L. Desgrosseilliers, hereby certify that on February 12, 2007, I caused the foregoing **Debtors' Motion for Leave of Requirements of District Court Standing Order Dated July 23, 2004 Requiring Debtors' Mandatory Participation in Mediation Proceedings on Appeal** to be served on the parties listed on Exhibit A, attached hereto, in the manner indicated thereon.

Mark L. Desgrosseilliers

**EXHIBIT A**

**Debtors:**

Caroline Williamson
Radnor Holdings Corporation
150 Radnor Chester Road
Building A, Suite 300
Radnor, PA 19087

Alvarez & Marsal, Inc.
Stan Springel
Robert McEvoy
600 Lexington Avenue
6th Floor
New York, NY 10022

**United States Trustee:**

William K. Harrington, Esq.
Office of the U.S. Trustee
844 King Street
Room 2207, Lockbox 35
Wilmington, DE 19801
Tel: 302-573-6491
Fax: 302-573-6497
**(By Hand Delivery)**

**Agent for the DIP Lenders:**

Laura Davis Jones, Esq.
James E. O'Neill, Esq.
Pachulski Stang Ziehl Young
Jones & Weintraub
919 North Market Street, 17th Fl.
P.O. Box 8705
Wilmington, DE 19899-8705
**(By Hand Delivery)**

Anup Sathy, Esq.
Ross M. Kwasteniet, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601-6636
**(By Overnight Courier)**

**Counsel for the Funding Agent:**

Paula A. Schmeck, Esq.
Thorp, Reed & Armstrong, LLP
One Oxford Centre
301 Grant Street, 14th Fl.
Pittsburgh, PA 15219
**(By Overnight Courier)**

**William P. Bowden, Esq.**
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
**(By Hand-Delivery)**

**Official Committee of Unsecured Creditors:**

Donald J. Detweiler, Esquire
Victoria W. Counihan, Esquire
Greenberg Traurig, LLP
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington, Delaware 19801
Telephone:  302-661-7667
Fax:  302-661-7360
**(By Hand-Delivery)**

Nancy A. Mitchell, Esquire
Nancy A. Peterman, Esquire
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 2500
Chicago, IL 60601
**(By Overnight Courier)**

**Counsel to Tennenbaum Capital Partners, LLC:**

Mark D. Collins, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
**(By Hand Delivery)**

Gregory A. Bray, Esq.
Fred Neufeld, Esq.
Milbank, Tweed, Hadley & McCloy LLP
601 South Figueroa Street
30th Flooor
Los Angeles, CA 90017-5735
**(By Overnight Delivery)**